Nicholson, C. J.,
delivered the opinion of the court.
This is a bill to enforce a vendor’s lien. The purchase money sought to be collected by a' sale of the land is evidenced by several bills single, in which the amount is to be paid “ in current bank notes.” The defendant concedes the right of the complainant to have the land sold for the enforcement of his lien, but he insists that “ the value of current bank notes ought to be ascertained at the several times the several notes fell due, and that a decree should be had only for their value at those several times.”
Under ordinary circumstances this case would present no difficulty. In the case of Baker v. Jordan, 5 Hum., 485, this court held that the words “ current bank notes” mean that which circulates currently as money, and which, in the absence of proof to the contrary, is presumed to be of value equal to money. This definition of the word “ current,” as applied to *106 bank notes, has been uniformly followed in subsequent decisions in this State: Coffin v. Hill, 1 Heis., 385. We know judicially that at the date of this contract the currency of the State consisted chiefly of the notes of the State banks, and that the value of this currency as compared with gold was subject to frequent and great fluctuation. We must therefore assume that the parties contracted with a knowledge of and in view of the unstable and fluctuating character of the bank note currency. It is not probable that they anticipated the occurrence of a civil war and its influence on the banks, yet they made no provision against any such contingency. The obli-gor agreed to pay, and the obligee to receive in payment, such bank notes as should be current as money at the times when the bills single should severally become due. If when the bills single fell due, there had been no current bank notes, either because the banks had been swept out of existence by a revolution or by any other extraordinary event, then the principle laid down by Mr. Story in s. 93, vol. 1 of his Equity Jurisprudence would justify a court of equity in affording relief to the parties. But so long as banks continue to issue a currency which is readily received in business transactions as money, though such currency may be greatly depreciated in value compared' with gold, the debtor would have a right to claim the .benefit of his contract and to pay in such bank notes as at the time his obligation becomes due are current in the liquidation of debts in business transactions.
*107 In the present case, if, at the times when the several bills single became due, there were bank notes in circulation which were current as money, the obli-gor had the right to pay off his obligation, in those notes, and upon his failure to do so, the obligor had the right to demand and recover the value of such notes.
The bills single under consideration were executed on the 20th of August, 1859, and became due respectively on the 25th of July, 1861, the 1st of January, 1863, the 1st of January, 1865, and the 1st of January, 1866. As the several bills single were not paid at maturity, complainant is entitled to the value of the bank notes current as money at the dates when they severally matured. The decree made by the Chancellor was based upon no report of the Clerk and Master, nor was the evidence of a character to support the decree which was made. The decree will therefore be reversed, and a decree entered here directing the clerk of this court to take proof and ascertain the value of current bank notes at the time when the. bills single, respectively, became due. In ascertaining the value of the bills single falling due on the 25th of July, 1861, and the 1st of January, 1863, he will ascertain their value as compared with gold; ’and as to those falling due on the 1st of January, 1865 and 1866, he will ascertain their value as compared with United States treasury notes. The report will be made to this term, if practicable; if not, to the next term.